IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LACRESHA CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:07 CV-00218-WKW |
| ) | |
| OLD MUTUAL FINANCIAL ) | |
| NETWORK, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE**

Defendant OM FINANCIAL LIFE INSURANCE COMPANY ("Old Mutual") submits this *Brief in Support of Motion to Transfer Venue* pursuant to 28 U.S.C. § 1406(a) (2006). As demonstrated herein, Old Mutual is neither a resident of the Middle District, nor did any of the alleged events or omissions giving rise to this action occur in the Middle District. To the contrary, all events giving rise to Plaintiff's claims occurred, if at all, in the Southern District. As such, the Middle District is an improper venue for Plaintiff's cause, and the case must be transferred to the District Court for the Southern District of Alabama, Southern Division.

**ARGUMENT**

**A.  Factual and Procedural Background**

Plaintiff's Complaint is based on an alleged wrongful denial of benefits under a life insurance policy issued by Old Mutual to which Plaintiff was both a beneficiary and an additional insured. Plaintiff filed the instant cause in the Circuit Court of Tallapoosa County, Alabama, styled *Lacresha Caldwell, Plaintiff v. Old Mutual Financial Network, Defendant*, Civil

Action No.: CV-06-000003, claiming damages for Old Mutual's alleged breach of contract and, according to the "Civil Cover Sheet" signed by Plaintiff's counsel, the tort of bad faith. This action comes before the Court on Old Mutual's Notice for Removal filed with the Court on March 12, 2007.[1]

At the time the contract was executed, Plaintiff was a resident of Summerdale, Alabama, located in the Southern District. Old Mutual was operating under the name of Fidelity and Guaranty Life Insurance Company, a Maryland Corporation. While the company's name has since been changed to OM Financial Life Insurance Company, a wholly-owned subsidiary of Old Mutual US Life Holdings, Inc., a Delaware Corporation, Old Mutual still maintains its principal place of business in Baltimore, Maryland. (*See* Affidavit of Cynthia Maskol, filed as Exhibit C to Defendant's Notice for Removal.)

**B.     Venue is improper in the Middle District of Alabama.**

Federal jurisdiction in this case is founded upon diversity. The action was brought by an Alabama resident against an out-of-state defendant alleging damages in excess of $75,000. 28 U.S.C. § 1332. Accordingly, the question of venue is governed by 28 U.S.C. § 1391(a). Under this statute, venue is proper only in a judicial district where the defendant resides, or where a substantial part of the events or omissions giving rise to the claim occurred. If there is no district in which the action may have otherwise been brought, then venue lays where the defendant is subject to personal jurisdiction at the time the action is commenced. *See e.g.* 28 U.S.C. § 1391(a), *et seq; See also Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) ("third choice of venue applies only if the first two cannot be met"). The Middle District fails to satisfy

---

[1] The Eleventh Circuit has held that removal under 28 U.S.C. § 1441 is no bar to transfer if the case meets the federal standards of § 1406(a). *Aguacate Consolidated Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F. 2d 523, 525 (5th Cir. 1978).

any of these requirements, mandating that this cause be transferred to a proper venue pursuant to 28 U.S.C. § 1406(a). As demonstrated herein, venue properly lays in the Southern District.

As discussed *supra*, Old Mutual is not a corporate resident of the Middle District of Alabama. Rather, it is a Delaware corporation with its principal place of business in Baltimore, Maryland. While the company is licensed to conduct business in the state of Alabama and registered with the Alabama Secretary of State, there is no evidence that Old Mutual maintains offices in the Middle District. The Middle District, therefore, fails to satisfy venue requirements under 28 U.S.C. §1391(a)(1).

As an alternative to the residency requirement, venue can also properly lay in any district where a substantial part of the events or omissions giving rise to the cause of action occurred. 28 U.S.C. § 1391(a)(2). In the case at bar, none of the alleged events or omissions giving rise to Plaintiff's claims occurred in the Middle District. To the contrary, none of the events which serve as the basis for Plaintiff's Complaint occurred in the Southern District of Alabama.

For purposes of determining venue, the Eleventh Circuit has held that the plaintiff's claims in a breach-of-contract case arise in the district where the contract was presented, signed and due to be performed. *Jenkins Brick Co. v. Bremer*, 321 F. 3d 1366, 1372 (11th Cir. 2003) (affirming grant of transfer on grounds that proper venue was district where contract was presented to and signed by employee and where parties anticipated performance of contract); *American Carpet Mills v. Gunny Corp.*, 649 F. 2d 1056 (5th Cir. Unit B 1981) (breach of contract claims arose in district where defendant allegedly failed to deliver contracted goods and services); *See also Burger King Corp. v. Thomas*, 755 F. Supp. 1026, 1029 (S.D. Fla. 1991) (for purposes of deciding venue in breach of contract cases, predominate factor courts consider is where payments are to be made under the contract). The insurance contract at issue in this case

was marketed and sold to Plaintiff by an agent located in Daphne, Alabama. The policy was presented to and executed by Plaintiff and her husband at their home in Summerdale, Alabama. Further, Plaintiff's claim for benefits under the policy is based on the death of her husband, which also occurred in Summerdale, Alabama. Lastly, assuming *arguendo* that any benefits were to be paid under the policy, such payment would be disbursed to Plaintiff at her home. Clearly, the events giving rise to Plaintiff's claims occurred in the Southern District, fortifying the conclusion that venue properly lays in the Southern District.

    **C.**    **Transfer of this action is required under 28 U.S.C. § 1406(a).**

Since the Southern District of Alabama is the proper venue for this action, 28 U.S.C. § 1406(a) requires that the matter be transferred. Section 1406(a) states, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss, or if it be in the interest of justice, transfer to any district or division in which it could have been brought." In order to effectuate transfer of a case under § 1406(a), Old Mutual need only demonstrate that this Court, as transferor of the action, has subject matter jurisdiction, that the venue for the action is wrong and that the Southern District is a district in which the action could have been brought. *See e.g., White v. Commercial Standard Fire & Marine Co.*, 450 F. 2d 785, 786 (5th Cir. 1997); 28 U.S.C. 1406(a).

While this matter comes before the Court on Old Mutual's Notice of Removal, the basis of the Court's jurisdiction is diversity pursuant to 28 U.S.C. § 1332. As stated *supra*, Plaintiff is an Alabama citizen living in the Southern District. Old Mutual is a Delaware corporation with its principal place of business in Maryland. The amount of damages alleged by Plaintiff is in excess of the jurisdictional limits of this Court. Accordingly, there is no bar to the Court's exercise of subject matter jurisdiction over this action. As further demonstrated, the Middle

District of Alabama is the "wrong" venue for this action, as Old Mutual maintains no residency in that district, and none of the alleged events giving rise to Plaintiff's claims occurred there. Rather, a substantial part of the alleged events giving rise to Plaintiff's claims occurred in the Southern District. The facts of the instant case show that venue properly lies in the Southern District, and the matter is due to be transferred.

### D.     Transfer is also required under 28 U.S.C. § 1404(a).

In the alternative, Old Mutual requests the Court transfer this action pursuant to 28 U.S.C. § 1404(a), as fairness and convenience considerations dictate that the case be moved to a venue that does not hinder the efficient resolution of this matter.

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Old Mutual has aptly demonstrated that this matter could have been filed in the Southern District of Alabama. While courts typically afford deference to the plaintiff's choice of forum, such deference is reserved for instances when the selected forum is in the district in which the plaintiff resides. *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996). When, like in the instant cause, the plaintiff does not reside in the selected forum or, "where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the [plaintiff's] choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). *Accord Lasalle Bank, N.A. v. Mobile Hotel Properties*, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003). At all times relevant to the present action, Plaintiff and her husband (now deceased) were residents of Summerdale, Alabama, and all events allegedly giving rise to Plaintiff's claim occurred in there. Thus, as the Middle District of Alabama is neither the district in which

5

Plaintiff resides, nor the district in which the "operative facts underlying the cause of action" occurred, less deference is afforded Plaintiff's choice of venue in the Middle District. *Id.*

Aside from Plaintiff's choice of forum, the convenience of the witnesses is the primary consideration in a Section 1404(a) analysis. *Lasalle Bank, N.A.*, 274 F. Supp. 2d at 1202. Old Mutual is not aware of any potential witnesses who are located in the Middle District. Rather, among those who likely will be primary witnesses are the Plaintiff (a resident of the Southern District), and Dr. LeRoy Riddick, Senior Medical Examiner, Alabama Department of Forensic Sciences, in Mobile, Alabama (the Southern District). Furthermore, as Old Mutual is a Delaware corporation with its principal place of business in Baltimore, Maryland, any of its employees called as witnesses will be from Maryland, not Alabama.

The only discernable reason for this action being filed in the Middle District is the location of Plaintiff's counsel's office. Otherwise, there is no discernible connection between this action and the Middle District. "Where the forum selected is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor." *Lasalle Bank, N.A.*, 374 F. Supp. 2d at 1301-02 (quoting *Hutchens*, 928 F. Supp. at 1090). Accordingly, venue is due to be transferred.

## CONCLUSION

. WHEREFORE, Defendants respectfully request this Court transfer this action to the Southern District of Alabama, Southern Division.

        Respectfully submitted,

        */s Forrest S. Latta*
        FORREST S. LATTA       (LAT008)
        fsl@bowronlatta.com
        LERONNE RIDDICK-SEALS (RID008)
        lrs@bowronlatta.com
        Attorneys for Defendant
        Old Mutual Financial Network

OF COUNSEL:

BOWRON LATTA & WASDEN, P.C.
Post Office Box 16046
Mobile, Alabama 36616-6046
251.344.5151 (Voice)
251.344.9696 (Fax)

## CERTIFICATE OF SERVICE

    I hereby certify that I have on the 21st day of March, 2007 electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Thomas A. Radney, Esq.
    rrandb@webshoppe.net

        */s Forrest S. Latta*
        OF COUNSEL