IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LACRESHA CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:07 CV-00218-WKW |
| ) | |
| OLD MUTUAL FINANCIAL ) | |
| NETWORK, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR STAY PENDING ARBITRATION**

This matter is due to be dismissed or stayed pending arbitration. Plaintiff's claims involve a life insurance contract issued by Old Mutual to which Plaintiff was both a party and a beneficiary. The policy contains a provision for binding arbitration, and the requisite elements to enforce the arbitration clause are present. The arbitration language is clear, and the contract at issue affects interstate commerce. As an additional insured, Plaintiff expressly agreed to submit to arbitration the claims now alleged in her lawsuit. The Federal Arbitration Act, therefore governs, and the arbitration provision must be enforced by this Court.

**ARGUMENT**

**A.   Background Information.**

Plaintiff was both an additional insured and beneficiary under a life insurance policy issued by Fidelity and Guaranty Life Insurance Company.[1] Policy number L0521924 was issued

---

[1] At the time the policy was issued, Old Mutual was operating under the name of Fidelity and Guaranty Life Insurance Company, a Maryland Corporation. The Company name has since

on or about October 3, 2005. It provided accidental death benefits in the amount of $99,900 for Plaintiff and her husband, Adrian T. Caldwell, as the primary insured. (Policy documents, attached collectively as Exhibit B to Defendant's Notice of Removal.) Plaintiff's husband died on or about April 1, 2006, after which Plaintiff submitted a claim for benefits to Old Mutual. (Cmpl., ¶¶ 6, 7.) After a thorough review of the insured's medical history, Old Mutual denied Plaintiff's claim for benefits on grounds that material personal history was omitted from or misrepresented in the application.

On or about January 4, 2007, Plaintiff filed the instant cause in the Circuit Court of Tallapoosa County, Alabama, styled *Lacresha Caldwell, Plaintiff v. Old Mutual Financial Network, Defendant*, Civil Action No.: CV-06-000003, claiming damages for Old Mutual's refusal to pay benefits.[2] It alleges breach of contract, and it is characterized in the "Civil Cover Sheet" signed by Plaintiff's counsel as a claim for the tort of bad faith. All claims alleged in Plaintiff's Complaint arise out of the policy and are due to be arbitrated.

**B.  The Language of the Arbitration Provision is Clear and Binding.**

The policy at issue in this case contains an arbitration provision that provides, in pertinent part, as follows:

---

been changed to OM Financial Life Insurance Company, a wholly-owned subsidiary of Old Mutual US Life Holdings, Inc., a Delaware Corporation. Old Mutual Financial Network is a trade name / brand name used by Old Mutual US Life Holdings, Inc. for its life insurance company holdings in the United States, and is not a legal entity. *See* Affidavit of Cynthia Maskol, filed as Exhibit C to Defendant's Notice for Removal.

[2] This action comes before the Court on Old Mutual's Notice for Removal filed with the Court on March 12, 2007. This removal action has no effect on Old Mutual's right to compel arbitration. *See Blue Ribbon Homes Super Center, Inc. v. Bell*, 821 So. 2d 186, 192 (Ala. 2001) (right to arbitration not waived where defendant immediately followed notice of removal to federal court with motion to compel arbitration).

> **Arbitration**
> *Any controversy arising under this policy, or any amendments to or breach of this policy, will be determined and settled exclusively by final and binding arbitration* held in your county of residence unless another location is mutually agreed upon by both parties, in accordance with the arbitration rules and procedures of JAMS/ENDISPUTE or its successor. Arbitration proceedings shall commence within a fixed period of time following the first notification of one party by the other of their election to arbitrate a dispute regarding the policy. The arbitrators will be selected from JAMS/ENDISPUTE's panel of retired judges. All arbitration proceedings shall be paid by us, with the exception of the cost of representation of the policy owner. Should the arbitrator find that the dispute is without substantial justification, the arbitrator shall have the authority to order that the cost of the arbitration proceedings be paid by the policy owner. Any award rendered through arbitration will be final and binding on each and all parties involved, and judgment may be entered thereon in any court of competent jurisdiction.

(Ex. B, p. 23) (emphasis added).

The language of the clause is unambiguous. All claims related to the policy <u>must</u> be resolved by binding arbitration. In electing coverage under this Policy, Plaintiff consented to this arbitration provision. As further verification of consent, during the application process the insured signed an "Acknowledgment of Arbitration Agreement" wherein the parties attest to having read and understood the arbitration clause. Specifically, the applicants acknowledge that "[t]he arbitration agreement requires that any disagreement related to this policy must be resolved by arbitration and not in a court of law." *See* <u>Exhibit A</u> attached hereto. The policy's arbitration language could not be clearer. However, Plaintiff has attempted to circumvent this provision by filing suit rather than requesting arbitration, a clear violation of the terms of the policy.

3

### C. Plaintiff's Claims Are Arbitrable Under the Federal Arbitration Act.

The transaction at issue sufficiently affects interstate commerce so as to trigger the application of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2. In addition to proving the existence of a contract calling for arbitration, a party seeking to compel arbitration must demonstrate that the contract evidences a transaction involving commerce within the meaning of the FAA. *Blue Cross Blue Shield of Alabama v. Rigas*, 923 So. 2d 1077, 1083 (Ala. 2005); *Health Insurance Corp. of Alabama v. Smith*, 869 So. 2d 1100, 1104 (Ala. 2003). Section 2 of the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. For purposes of this section, the word "involving" is broad and the functional equivalent of "affecting commerce," signaling Congress' intent to exercise its commerce power to the fullest extent. *Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 273 (1995).

Clearly, the insurance policy involved in the instant case evidences a transaction involving interstate commerce. At the time the policy was issued, Old Mutual was a Maryland corporation conducting business in the State of Alabama. Plaintiff and her husband were residents of Baldwin County, Alabama. As such, under Alabama law, the transaction is one that substantially affects interstate commerce, triggering application of the FAA and preempting any state law prohibition of predispute arbitration agreements. *Central Reserve Life Ins. Co. v. Fox*, 869 So. 2d 1124, 1127 (Ala. 2003) (compelling arbitration on finding that insurance contract

between Ohio-based insurance company and Alabama resident sufficiently affected interstate commerce to trigger FAA).

Further, in adopting the FAA, Congress declared a "liberal federal policy favoring arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). To that end, the United States Supreme Court commands that any doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"). Accordingly, the claims alleged in the instant cause are due to be compelled to arbitration.

## CONCLUSION

WHEREFORE, in light of the pleadings, the evidence before the Court, and the legal precedent cited herein, this action is due to be stayed and Plaintiff compelled to submit all claims against Old Mutual to binding arbitration as provided in the contract.

Respectfully submitted,

*/s Forrest S. Latta*
FORREST S. LATTA        (LAT008)
fsl@bowronlatta.com
LERONNE RIDDICK-SEALS (RID008)
lrs@bowronlatta.com
Attorneys for Defendant
Old Mutual Financial Network

OF COUNSEL:
BOWRON LATTA & WASDEN, P.C.
Post Office Box 16046
Mobile, Alabama 36616-6046
251.344.5151 (Voice)
251.344.9696 (Fax)

## CERTIFICATE OF SERVICE

    I hereby certify that I have on the 21st day of March, 2007 electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas A. Radney, Esq.
rrandb@webshoppe.net

                                            */s Forrest S. Latta*
                                            OF COUNSEL

*Caldwell v. Old Mutual Financial Network*
CV-06-00218

# EXHIBIT "A"

# Life Insurance Application (page 9 of 9)

ADMIN 5008

## Important Notice
## About the Policy of Insurance
## for Which You Have Applied

### THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS

**Read the following information carefully.**

1. The policy for which you have applied includes a binding arbitration agreement.

2. The arbitration agreement requires that any disagreement related to this policy must be resolved by arbitration and not in a court of law.

3. The results of the arbitration are final and binding on you and the insurance company.

4. In an arbitration, an arbitrator, who is an independent, neutral party, gives a decision after hearing the positions of the parties.

5. When you accept this insurance policy, you agree to resolve any disagreement related to the policy by binding arbitration instead of a trial in court including a trial by jury.

6. Arbitration takes the place of resolving disputes by a judge and jury and the decision of the arbitrator cannot be reviewed in court by a judge and jury.

**Acknowledgement of Arbitration Agreement**

I have read this statement. I understand that I am voluntarily surrendering my right to have any disagreement between the insurance company and myself resolved in court. This means I am waiving my right to a trial by jury.

I understand that upon receipt of the policy, I should read the arbitration clause contained in the policy and that I have the right to reject this policy within three (3) days of the date of delivery if I do not want to accept the requirement for arbitration.

I understand that this same type of insurance may be available through an insurance company that does not require that policy related disagreements be resolved by binding arbitration.

| Applicant / Insured | Date | Time |
|---|---|---|
| X _Adron G. Caldwell_ | 9-14-05 | 5:00 PM |

| Agent | Date | Time |
|---|---|---|
| _[signature]_ | 9-14-05 | 5:00 PM |